CATHERINE NEWTON, Appellant, *v.* SCOTT NEWTON, Respondent.

ALFRED NEWTON, Appellant, *v.* SCOTT NEWTON, Respondent.

Third Department, January 7, 1942.

*Glenn A. Frank,* for the appellants:

*J. Clarence Herlihy* [*Delon F. Mousaw* with him on the brief], for the respondent.

PER CURIAM. Plaintiffs in two actions appeal from judgments entered upon verdicts of no cause of action. The actions were tried together. At the beginning of the trial, the attorney for the two plaintiffs asked to have a separate trial of the cases. This was denied by the trial justice, to which ruling an exception was taken.

The same person is the defendant in each of the actions. The plaintiffs are husband and wife. The wife's action was brought for the purchase price of sixty-four sheep. The defendant in his answer admitted the purchase of the sheep, but pleaded payment. The husband's action was for work, labor and services rendered to his brother, the defendant, between March 15 and November 8, 1938, stated to have been of the value of $713, with no payment except $30. The defendant's answer was a general denial and a counterclaim for work, labor and services performed and materials furnished, " such as timber, board and room for plaintiff and his family " of the value of $1,622.

The actions were not consolidated (Civ. Prac. Act, § 96), but were tried together. Section 96-a of the Civil Practice Act reads: " Joint trial of actions and special proceedings. The court may order that two or more actions or two or more special proceedings growing out of the same set of facts be tried or heard together, without consolidation, whenever it can be done without prejudice to a substantial right." From the foregoing statement as to the causes of action pleaded in the two complaints it is obvious that the actions did not grow " out of the same set of facts." The record contains no information concerning an order that the actions be tried together. The two titles appear at the head of the minutes of the trial. The attorney for the two plaintiffs made his motion

for a separate trial as soon as the cases were called and to the denial of his motion he took an exception. The statement under rule 234 makes no mention of a formal order directing that the cases be tried together. The motion by plaintiffs' attorney for a separate trial was an incident of the trial — the refusal and his exception may be reviewed upon this appeal.

The judgments should be reversed on the law, and new trials granted, with costs to abide the event.

HILL, P. J., BLISS, SCHENCK and FOSTER, JJ., concur.

HEFFERNAN, J., dissents. I dissent and vote to affirm the judgments. I agree that the trial judge improperly directed that these actions be tried together. However, if plaintiffs desired to review that ruling it was incumbent upon them to enter an order and review the same upon appeal from the judgments. (Civ. Prac. Act, § 580.) It cannot be reviewed on appeal merely from the final judgments.

Judgments reversed on the law, and new trials granted, with costs to abide the event.